[Crim. No. 2614. Second Appellate District, Division Two.—December 28, 1934.]

THE PEOPLE, Respondent, v. WILLIAM ALBERT INGLY, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

STEPHENS, P. J.—Defendant was convicted of statutory rape alleged to have occurred in April of 1933, the complaining witness then being twelve years of age. He was also convicted of two other such offenses alleged to have been perpetrated in March and April of 1934.

There was evidence to the effect that the complaining witness often went over to defendant's home to play, and other small children were often with her. The testimony was that the act in two instances occurred while the girl sat on his lap, facing away from him and in the presence of the girl's younger sister. On one occasion they were standing. There was no testimony of the acts themselves except that the girl was positive that they occurred, and defendant flatly denied them. There was testimony that defendant was in the habit of taking this girl and some of her playmates on his lap, and one of the little girls testified that she saw defendant and complaining witness sitting in an automobile in a garage, and that defendant had his hand up under the latter's skirts. There is uncontradicted testimony that the prosecuting witness had had sexual relations, and she claims that this had occurred only with defendant.

While it is proper that charges of this kind, so easy to make and so difficult to refute, should be viewed with care, this duty devolves principally upon the jury at the trial and the trial judge upon motion for new trial. We cannot say, as a matter of law, that the evidence herein does not support the verdict and judgment.

In the course of the trial the younger sister of the complaining witness testified that defendant had placed her upon a table and had slightly penetrated private

parts with his. It is claimed that this was reversible error. Under an ordinary case the familiar rule that where no objection was interposed and no motion to strike was made, and neither was made here, the error is not of necessity considered reversible, is applicable. The case of *People* v. *Biescar,* 97 Cal. App. 205 [275 Pac. 851], is cited as authority to the point that evidence of appellant's having entertained young women in his cottage for immoral purposes was so damaging that an admonition to the jury (which was not given) "would have been unlikely to remove the harm done". This conclusion, of course, was largely based upon the evidence in that case, and the court denominated the story of the prosecutrix therein as highly improbable. The case of *People* v. *Anthony,* 185 Cal. 152 [196 Pac. 47], also cited by appellant, turned on the point that the district attorney in continuing questions to which objections were sustained created an air of suspicion which an admonition could not remove from the jurors' minds. The cases are so different that they can be of little help in the solution of the problems here presented. The narrative given by the prosecuting witness, corroborated by her companions, as to the habit of appellant in encouraging them to sit upon his lap, together with the testimony that appellant's hand had been observed up under the skirt of such witness, seems to us to be more unusual than inherently improbable or weak. In our review of the whole case we cannot say that because of the error complained of appellant has not been accorded a fair trial.

The ruling on the motion for new trial is sustained and the judgment is affirmed.

Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 24, 1935.